## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

#### Holding a Criminal Term

#### Grand Jury Sworn in on December 16, 2025

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| SHAWN JOHNSON, | : | VIOLATION: |
| | : | |
| Defendant, | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about April 22, 2026, within the District of Columbia, **SHAWN JOHNSON**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case Numbers 2014-CF3-013437, 2003-DVM-003764, 2003-FEL-005842, 2001-FEL-007577, and 1999-FEL-002108, did unlawfully and knowingly receive and possess a firearm, that is, a black Ruger 5.7mm handgun, and did unlawfully and knowingly receive and possess ammunition, that is, ten rounds of 5.7x28mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a black Ruger 5.7mm handgun and 5.7x28mm ammunition.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

JEANINE FERRIS PIRRO                                        A TRUE BILL:
UNITED STATES ATTORNEY


By: *Christine M. Macey*                                    FOREPERSON.
CHRISTINE M. MACEY
Assistant United States Attorney

3